IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY D. DAVIS, SR.,

                Plaintiff,

v.                                    1:16-cv-1146-WSD

BARBARA BINION BEARD,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Larry D. Davis, Sr.'s ("Plaintiff") Complaint [4] pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the Court is Plaintiff's "Motion to Appeal Dismissal Ruling in Case #1:16cv00542" [2].

## I.    BACKGROUND

On April 8, 2016, Plaintiff, *pro se*, filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On April 15, 2016, Magistrate Judge Catherine M. Salinas granted [3] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Plaintiff alleges that he has filed this action in federal court "because Plaintiff has been advised by the state court that they do not waive filing fees which serves to effectively deny economically disadvantaged people access to the state justice system." (Compl. at 1). He claims that this "practice violates plaintiff's rights under the 1st, 5th and 14th amendment." (Id.).

Plaintiff alleges that, while he was walking, Defendant struck him with her car. He claims his "insurance status does not permit him to pursue the type of medical treatment he requires from physicians he wishes to work with . . ." (Id.). He seeks $750,000 "to cover all direct cost [sic] related to this matter . . . to pay for all future medical cost [sic] . . . ." (Id. at 2).

## II.  DISCUSSION

### A.  Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

3

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    <u>Analysis</u>

The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, Plaintiff appears to assert that the Court has jurisdiction over his apparent state law claims because "the state court . . . do[es] not waive filing fees," which practice he alleges "violates plaintiff's rights under the 1st, 5th and 14th amendment." (Compl. at 1).

O.C.G.A. § 9-15-4(a) provides that the filing fee for a civil case filed in Georgia "shall not be required if the party desiring to file the case or proceeding is unable because of his indigence to pay the fee and the party files with the clerk an affidavit to such effect." O.C.G.A. § 9-15-4(a). The alleged basis for the Court's jurisdiction is thus plainly contradicted by Georgia law.

The Court cannot discern in Plaintiff's Complaint any other allegations of federal law that could serve as the basis for original subject matter jurisdiction, and Plaintiff does not allege that the parties are diverse. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

The Court requires further information to determine whether the Court has jurisdiction over this action. Plaintiff is required to file, on or before May 9, 2016, an Amended Complaint alleging whether the Court has diversity jurisdiction over this matter. The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction. <u>Travaglio v. Am. Express Co.</u>, 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction). Further, failure to comply with this Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2), NDGa.[1]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall, on or before May 9, 2016, file an Amended Complaint alleging whether the Court has diversity jurisdiction

---

[1] Plaintiff also filed in this action his "Motion to Appeal Dismissal Ruling in Case #1:16cv00542" [2] ("Motion to Appeal"). In Civil Action No. 1:16-cv-542, the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). In his Motion to Appeal, Plaintiff seeks to appeal the Court's Order dismissing his complaint. Plaintiff filed an identical motion in Civil Action No. 1:16-cv-542 [7]. The motion in this action is thus denied as moot.

over this matter.  Failure to comply with this Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2), NDGa.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Appeal Dismissal Ruling in Case #1:16cv00542" [2] is **DENIED AS MOOT**.

**SO ORDERED** this 27th day of April, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE